IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>DOUGLAS FLADSETH; and LAW OFFICES OF DOUGLAS C. FLADSETH,<br><br>    Defendants. | No. C 12-1157 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR STAY (Docket No. 23) |

Defendants Douglas Fladseth and the Law Offices of Douglas C. Fladseth, a sole proprietorship, move to dismiss the first amended complaint (1AC) of Plaintiff Colony Insurance Company, or to stay proceedings in this case until the resolution of certain underlying lawsuits pending in state court. Plaintiff opposes Defendants' motion. The Court takes Defendants' motion under submission on the papers and DENIES it.

BACKGROUND

Plaintiff initiated this action on March 8, 2012 and filed its 1AC on April 10, 2012. The following facts are taken from the 1AC and the documents attached thereto.

Plaintiff insured Defendants pursuant to a Lawyers Professional Liability Policy number EO404193, valid from August 20, 2010 to August 20, 2011. 1AC ¶ 1. The policy provides in relevant part,

SECTION I – COVERAGES

1. Insuring Agreement

    a. We will pay, in excess of the Deductible shown in the Declarations, those sums any insured becomes

>           legally obligated to pay as "damages" because of an
>           act, error or omission arising out of your "legal
>           services" rendered or that should have been
>           rendered.  We will have the right and duty to
>           defend any insured against a "claim" seeking those
>           "damages."  However, we will have no duty to defend
>           any insured against any "claim" seeking "damages"
>           for "legal services" to which this insurance does
>           not apply. . . .
>
>       2. Exclusions
>
>       This Policy does not apply to any "claim":
>
>           . . .
>
>           d. Based on or directly or indirectly arising out
>           of the rights or duties under any agreement
>           including disputes over fees for services;
>
>           . . .
>
>           j. Based on or directly or indirectly arising out
>           of or resulting from:
>
>           . . .
>
>               (2) The gaining by any insured of any personal
>               profit, gain or advantage to which an insured
>               is not legally entitled; . . .

1AC, Ex. C, 40-42.

The policy also contains an addendum that provides,

>       SECTION I – COVERAGES, 2. Exclusions is amended and the
>       following added:
>
>           This insurance does not apply to any "claim" for or
>           awards of:
>
>           1. Punitive, exemplary or multiple damages; or
>
>           2. Equitable or non-pecuniary relief;
>
>           including any fines, penalties, court imposed
>           sanctions, return or restitution of legal fees,
>           costs or other expenses associated with such
>           awards.

Id. at 52.

Defendants have been named in two lawsuits currently pending in the Sonoma County Superior Court, Scholz v. Fladseth, Case No.

2

SCV249442, and <u>Christiansen v. Fladseth</u>, Case No. SCV250126, the latter of which is a putative class action. The contents of the complaints in each lawsuit are materially identical for the purposes of this action. In both cases, the plaintiffs assert that Defendants failed to disclose to them the limitation on attorneys' fees in medical malpractice claims under California state law, charged fees in excess of those amounts and assert that their contingency fee agreements were void for illegality. 1AC ¶¶ 10-13, Exs. A and B. The causes of action asserted in each include (1) money had and received, (2) fraud, (3) conversion, (4) accounting, and (5) violation of California Business and Professions Code section 17200. In one, the plaintiff also asserts a claim for professional negligence. In both actions, the plaintiffs seek, among other things, punitive damages, accounting and restitution of funds unlawfully obtained.

In the 1AC in this action, Plaintiff seeks a determination that coverage does not exist for the underlying actions against Defendants, because the claims asserted therein are based upon a dispute over fees and upon Defendants gaining personal profit, gain or advantage to which they are not legally entitled, and because the plaintiffs in the underlying actions seek punitive, exemplary or multiple damages, or equitable or non-pecuniary relief, which are expressly excluded from the insurance policy. Plaintiff also seeks a declaration that it does not owe a defense or indemnity to Defendants for those claims.

LEGAL STANDARD

Under the Declaratory Judgment Act, a two-part test is used to determine whether jurisdiction over a claim for a declaratory

3

judgment is appropriate. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). First, the court must determine if an actual case or controversy exists within its jurisdiction. Id. Second, if so, the court must decide whether to exercise its jurisdiction. Id.

A district court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). "The district court's discretion to hear declaratory actions over which it has jurisdiction is guided by the Supreme Court's announcements in [Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)]." Principal Life Ins. Co., 394 F.3d at 672. "The Brillhart factors are non-exclusive and state that, '[1)] the district court should avoid needless determination of state law issues; [2)] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3)] it should avoid duplicative litigation.'" Id. (quoting Gov't Employees Ins. Co., 133 F.3d at 1225) (alterations in original). "Essentially, the district court must balance concerns of judicial administration, comity, and fairness to the litigants." Id. (internal quotations omitted). The Ninth Circuit has also "noted additional and potentially relevant considerations," including "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue" and "whether the

4

declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage." Id.

## DISCUSSION

Defendants do not assert that the Court lacks jurisdiction over Plaintiff's claims for declaratory judgment. Instead, in this motion, Defendants request that this Court exercise its discretion to decline jurisdiction over this matter, or stay it pending resolution of the underlying litigation.

Defendants contend that this action will be duplicative of the state court actions, because the factual questions here are the same as in those actions. Defendants rely on a variety of state law cases that counsel that when there is a "risk of inconsistent factual determinations that could prejudice the insured," because the "coverage question turns on facts to be litigated in the underlying action," a stay pending resolution of the underlying suit is appropriate. Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 301 (1993). These cases also note that, "when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." Id. at 302.

In the instant action, the Court is not being asked to determine if Defendants actually gained profits to which they were not entitled or if the contingency fee agreements were actually void, and the Court would not have to determine these issues in adjudicating this coverage action. Instead, the Court is being asked if Defendants' potential liability on the state court actions would be covered by the underlying insurance policy.

5

Thus, the "coverage question is logically unrelated to the issues of consequence" in the underlying actions.

The other factors relevant to this determination also do not favor abstention. Plaintiff is not a party to the underlying cases, those actions will not determine the coverage issues that are asserted here, and there are not any other pending cases in which these issues would be decided. Thus, this litigation is not duplicative and was not filed as a means of forum shopping. Further, this action will serve a useful purpose to clarify the legal obligations of Plaintiff regarding the underlying state actions.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss or stay (Docket No. 23).

IT IS SO ORDERED.

Dated: 6/11/2012

CLAUDIA WILKEN
United States District Judge