United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLONY INSURANCE COMPANY,                    No. C 12-1157 CW

          Plaintiff,                         ORDER GRANTING
                                             PLAINTIFF'S MOTION
     v.                                      TO AMEND JUDGMENT
                                             (Docket No. 61)
DOUGLAS FLADSETH; and LAW OFFICES
OF DOUGLAS C. FLADSETH,

          Defendants.

_____/

     Plaintiff Colony Insurance Company moves to amend the Court's
April 3, 2013 ruling on its motion for summary judgment and the
judgment entered on April 4, 2013.  Defendants Douglas Fladseth
and the Law Offices of Douglas C. Fladseth oppose the motion.  The
Court took Plaintiff's motion under submission on the papers.
Having considered the papers filed by the parties, the Court
GRANTS Plaintiff's motion.

BACKGROUND

     Plaintiff insured the Law Offices of Douglas C. Fladseth
under a Lawyers Professional Liability Policy.  In this action,
initiated on March 8, 2012, Plaintiff sought a declaration that it
did not owe a duty of defense or indemnity to Defendants arising
out of two cases brought in state court, Scholz v. Fladseth,
Sonoma County Case No. SCV249442 (the Scholz action), and
Christiansen v. Fladseth, Sonoma County Case No. SCV250126 (the
Christiansen action), as well as "such other and further relief as
the Court deems appropriate."  First Am. Compl. (1AC), 8-9.

**United States District Court**
For the Northern District of California

On September 12, 2012, Plaintiff filed a motion for summary judgment. In the notice of its motion, Plaintiff asserted that, among other things, it "is entitled to reimbursement from Fladseth for all sums it has paid in connection with the defense in the Underlying Actions." Docket No. 42, 3; see also Docket No. 42-1, 13 (seeking reimbursement of amount it had already paid defending Defendants at the time the motion for summary judgment was filed as well as "any additional amounts that may be incurred and paid between now and resolution of this action").

On April 3, 2013, the Court granted Plaintiff's motion for summary judgment, finding that there was no material dispute of fact that Plaintiff was entitled to declaratory judgment that the underlying actions did not create the potential for coverage under the insurance policy and that, even if there were a basis for coverage, the underlying actions fell into two different exclusions in the policy. Docket No. 59. The Court omitted to address the issue of reimbursement. On the following day, the Clerk entered judgment in favor of Plaintiff. Docket No. 60.

On April 23, 2013, Plaintiff filed the instant motion to amend the judgment to include reimbursement of the money that it had incurred providing Defendants' defense in the underlying cases. Docket No. 61.

On May 6, 2013, Defendants filed a notice of appeal from the Court's April 4, 2013 order. Docket No. 62.

DISCUSSION

Plaintiff moves to amend the judgment under 28 U.S.C. § 2202 or Federal Rule of Civil Procedure 59(e).

United States District Court
For the Northern District of California

1   Rule 59(e) provides, "A motion to alter or amend a judgment
2   must be filed no later than 28 days after the entry of the
3   judgment." "A district court has considerable discretion when
4   considering a motion to amend a judgment under Rule 59(e)."
5   Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th
6   Cir. 2003) (citing McDowell v. Calderon, 197 F.3d 1253, 1254 n.1
7   (9th Cir. 1999)). "There are four grounds upon which a Rule 59(e)
8   motion may be granted: 1) the motion is necessary to correct
9   manifest errors of law or fact upon which the judgment is based;
10  2) the moving party presents newly discovered or previously
11  unavailable evidence; 3) the motion is necessary to prevent
12  manifest injustice; or 4) there is an intervening change in
13  controlling law." Id. (internal quotation marks and citation
14  omitted).

15      Defendants argue that the Court does not have jurisdiction to
16  consider Plaintiff's motion because they have already filed a
17  notice of appeal from the April 4, 2013 order.  This is incorrect.
18  Defendants' notice of appeal does not become effective until the
19  Court has ruled on Plaintiff's motion to amend the judgment under
20  Rule 59.  Federal Rule of Appellate Procedure 4(a)(4)(B)(i)
21  provides, "If a party files a notice of appeal after the court
22  announces or enters a judgment--but before it disposes of any
23  motion listed in Rule 4(a)(4)(A)--the notice becomes effective to
24  appeal a judgment or order, in whole or in part, when the order
25  disposing of the last such remaining motion is entered."  The list
26  of motions contained in Rule 4(a)(4)(A) includes a motion to alter
27  or amend the judgment brought under Rule 59.  See Fed. R. App. P.
28  4(a)(4)(A)(iv).  Thus, this Court has jurisdiction to decide this

motion.   See, e.g., United Nat'l Ins. Co. v. R&D Latex Corp., 242
F.3d 1102, 1109 (9th Cir. Cal. 2001) ("The notice of appeal in
this case did not, however, divest the district court of
jurisdiction at the time it was filed because there was then a
pending motion for reconsideration."); Miller v. Transamerican
Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983) ("A notice of
appeal is jurisdictionally ineffective if filed before disposition
of a Rule 59(e) motion to alter or amend the judgment.").

Defendants also contend that Plaintiff's motion under Federal
Rule of Civil Procedure 59(e) is untimely because it was filed
more than ten days after the entry of judgment.  They argue that,
as a result, it should be considered a motion for relief from
judgment under Federal Rule of Civil Procedure 60(b).  Defendants,
however, appear to base this argument on former Rule 59(e), which
created a ten-day period for the filing of a motion to alter or
amend a judgment, rather than the current version of Rule 59(e),
which, as quoted above, provides for a twenty-eight day time
period for such a filing.  Here, Plaintiff filed its motion to
amend the judgment twenty days after the Court ruled on its motion
for summary judgment and nineteen days after entry of judgment.
Thus, the motion was timely.

Amendment of the judgment is necessary here pursuant to
Federal Rule of Civil Procedure 59(e) to correct the Court's
failure to address Plaintiff's request for reimbursement, and to
prevent manifest injustice to Plaintiff caused by requiring it to
pay Defendants' defense costs even though it has no contractual

United States District Court
For the Northern District of California

4

obligation to do so.[1]  Defendants appear to argue that the Court considered the issue of reimbursement previously because it ordered that Plaintiff shall recover its costs in prosecuting the instant action.  Opp. at 3.  This is incorrect.  The issue of whether Plaintiff, as the prevailing party, should recover its costs of prosecuting the instant case under Federal Rule of Civil Procedure 54(d)(1) is separate from whether Plaintiff should recover the attorneys' fees and other expenses that it paid for a defense in the underlying actions.  The Court did not address the latter in the prior order.

As noted above, the Court has already concluded that the underlying actions did not create a potential for coverage and that they fell into multiple exclusions within the policy. "California law clearly allows insurers to be reimbursed for attorney's fees and other expenses paid in defending insureds against claims for which there was no obligation to defend." Buss v. Superior Court, 16 Cal. 4th 35, 51 (1997) (internal quotation marks and citation omitted).

Here, Plaintiff seeks reimbursement of the amount that it has already paid to Defendants' state court counsel, as well as for additional invoices that it has received and that "are pending review and payment invoices."  Mot. at 2-3; Fine Decl. ¶ 9. Defendants argue that Plaintiff is not entitled to reimbursement of any attorneys' fees or expenses incurred in the underlying cases because it had delayed in paying the invoices of counsel who

---

[1] Because the Court finds that amendment is proper under Rule 59(e), it does not reach whether amendment is separately appropriate under 28 U.S.C. § 2202.

represented Defendants in the state court cases and thus did not

act in good faith.[2]   Defendants have submitted evidence that

Plaintiff thus far has paid their counsel in the underlying cases

$240,337.20 and that their counsel sent Plaintiff additional

invoices in the amount of $113,439.08.[3]   Kingsbury Decl. ¶ 5 & Ex.

A;[4] see also Fine Decl. ¶ 9 & Ex. 1.[5]   Defendants offer proof that

$1,057.13 of the amount that Plaintiff has paid represents fees

---

[2] The Court notes that Defendants did not make this argument in opposition to Plaintiff's request for reimbursement in its motion for summary judgment.

[3] Plaintiff states that it has received additional invoices in the amount of $105,189.18 from Defendants' state court counsel that are pending review.  Fine Decl. ¶ 9.  With Defendants' later opposition, they provide evidence that two additional invoices have also been submitted to Plaintiff, bringing the total to $113,439.08.  Kingsbury Decl. ¶ 5 & Ex. A.

[4] The Court notes that the spreadsheets attached as Exhibit A appear to include two minor errors.  Page seven seems to include erroneously an entry in the amount of $1,347.57 in the column of amounts paid by Plaintiff.  However, this amount is not included in the total amount paid by Plaintiff on page five, which also appears to indicate that this amount was written off.  The same error appears to have been made with an entry in the amount of $514.57 on page six, which is omitted on page four and appears to have been written off.

[5] When compared using the invoice numbers, the spreadsheet submitted by Plaintiff with the Fine declaration generally matches those provided by Defendants.  However, Plaintiff's spreadsheet appears to include a number of typographical and mathematical errors.  For example, there is an extra digit in the amount for invoice number 68956 and two of the digits in the amount for invoice number 69080 appear to be transposed.  In addition, the numbers on the spreadsheet do not add up to the subtotals shown.  For example, the sum of $8,859.51, $14,198.49 and $63,947.14, the amounts of payments pending for representation in one of the two state court cases, is $86,555.14, not $87,005.14, as shown on the spreadsheet.  Similar errors in addition appear to have been made when totaling the amounts paid to date.  The Court uses Defendants' figures, which do not appear to have the same mistakes.

United States District Court
For the Northern District of California

for late payment.[6]  Defendants, however, do not offer any

authority that this would bar Plaintiff from recovering any of the

money that it paid.  Defendants also have not shown that Plaintiff

acted in bad faith by failing to make timely payments for some of

the invoices that it received.  Nor is there evidence that the

accrual of some late fees negatively impacted the representation

that Defendants received in the underlying cases.  In addition, as

explained in Buss, "the insurer does not have a duty to defend the

insured as to the claims that are not even potentially covered"

and "[w]ith regard to defense costs for these claims, the insurer

has not been paid premiums by the insured" and "did not bargain to

bear these costs."  Buss, 16 Ca. 4th at 51.  The insured would be

unjustly enriched by requiring the insurer to bear such

unbargained-for defense costs, resulting in a windfall for the

insured at the expense of the insurer.  Id.  However, because the

late fees were incurred as a result of Plaintiff's failure to make

timely payments in particular instances and not as part of the

expense otherwise required to provide Defendants with

representation in the state court cases, Plaintiff will not

recover the $1,057.13 that it paid as late fees.

Thus, Plaintiff has shown that it is entitled to

reimbursement in the amount of $239,280.05 for the money that it

has already paid and which was not for late fees.  However,

Plaintiff has not demonstrated that it is entitled to

---

[6] It appears that an additional $1,862.14 in late fees was
waived by Defendants' counsel.  Kingsbury Decl. ¶ 5, Ex. A.

reimbursement for the money that it has not actually paid,
specifically the amount on invoices that Defendants' state court
counsel has submitted to Plaintiff and that are "pending review."
Fine Decl. ¶ 9.  Plaintiff has not provided any evidence that it
in fact paid any of these invoices and thus that there is anything
to "recover."[7]

CONCLUSION

Plaintiff's motion to amend the judgment is GRANTED (Docket
No. 61).  The Clerk shall enter an amended judgment providing that
Plaintiff shall recover $239,280.05 from Defendants and that post-
judgment interest, calculated at the legal rate set forth in 28
U.S.C. § 1961(a), shall accrue on this amount until it is paid in
full.

IT IS SO ORDERED.

Dated:  6/21/2013

CLAUDIA WILKEN
United States District Judge

---

[7] In light of the fact that these bills were "pending review"
by Plaintiff after the Court had already entered judgment that it
was not required to pay for Defendants' representation in the
state court proceedings, it is not clear if or why Plaintiff would
have paid these bills.